OPINION
{¶ 1} Appellant Lily Shropshire-Crowley ("mother") appeals the September 8, 2005, and September 27, 2005 Judgment Entries entered by the Muskingum County Court of Common Pleas, Juvenile Division, which designated appellee Anthony Shropshire, Sr. ("father") as residential parent and legal custodian of the parties' minor child Anthony Shropshire, Jr. (d.o.b. 01/01/00) and implemented a three phase visitation plan for mother.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On April 5, 2002, Muskingum County Children Services ("the department") filed a complaint in the Muskingum County Court of Common Pleas, Juvenile Division, alleging Anthony Shropshire, Jr., was a dependent child while in the custody of mother. The department became involved with the family due to reports of alleged sexual abuse of the child by his maternal grandmother. Mother reported she suspected grandmother was sexually abusing Anthony, Jr. After investigating mother's allegations, the department became concerned with mother's own mental health issues. The department sought temporary custody of Anthony, Jr. or, alternatively, protective supervision. At the emergency shelter care hearing, the trial court placed Anthony, Jr. under the protective supervision of the department, and placed him in the temporary custody of father.
 {¶ 3} On May 3, 2002, father filed a Motion for Change of Custody, seeking to be designated as the residential parent and legal custodian of Anthony, Jr. Lana D. Olney, Anthony, Jr's maternal grandmother, filed a Motion for Grandparent's Visitation. Mother filed a Motion for Custody on May 6, 2002.
 {¶ 4} The trial court conducted an adjudicatory/dispositional hearing on July 2, 2002. Based upon the testimony presented at the hearing, the trial court found Anthony, Jr. to be a dependent child. The trial court ordered Anthony, Jr. remain in the temporary custody of father with protective supervision of the department. The trial court memorialized its decision via Judgment Entry filed July 8, 2002.
 {¶ 5} Mother subsequently filed a Motion to Modify Parenting Time. The trial court conducted a hearing on the motion on January 9, 2003. Via Entry filed January 14, 2003, the trial court granted mother supervised parenting time. The department filed a motion to terminate protective supervision, which the trial court granted on February 10, 2004. As a result of mother's filing of a Motion for Contempt on March 2, 2004, the trial court ordered both mother and father undergo psychological evaluations, ordered mother not to bathe the child until further order of the court, and ordered mother and father not to smoke tobacco products in the presence of the child. May 10, 2004 Entry.
 {¶ 6} Mother filed another Motion for Contempt on December 28, 2004. In response, father filed his own Motion for Contempt as well as a Motion for Modification of Parental Rights from Temporary Custody to Legal Custody. Via Agreed Entry Temporary Orders filed March 8, 2005, the trial court named father the temporary residential parent/custodian of Anthony, Jr., and granted mother supervised visitation which would become unsupervised after a period of time. The trial court subsequently restricted mother's parenting time to supervised visitation only. The trial court conducted an evidentiary hearing on the parties' contempt motions and father's motion for legal custody. Via Entry filed September 8, 2005, the trial court dismissed the motions for contempt, and designated father the residential parent and legal custodian of the child. On September 27, 2005, the trial court issued an Entry, which set forth a three part plan, which phased in gradual increases in mother's parenting time.
 {¶ 7} It is from the September 8, 2005, and September 27, 2005 entries mother appeals, raising the following assignments of error:
 {¶ 8} "I. WHERE APPELLANT/MOTHER'S ORIGINAL PROBLEMS HAD BEEN RESOLVED AND/OR SUFFICIENTLY MITIGATED, THE TRIAL COURT HAD NO JURISDICTION TO ENTERTAIN APPELLEE/FATHER'S MOTION FOR MODIFICATION OF A PRIOR DISPOSITIONAL ORDER GRANTING HIM TEMPORARY CUSTODY.
 {¶ 9} THE TRIAL COURT'S SEPTEMBER 8, 2005 JUDGMENT ENTRY WAS ACCORDINGLY VOID AB INITIO. AS A CONSEQUENCE, THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING LEGAL CUSTODY TO APPELLEE MORE THAN ONE YEAR AFTER TEMPORARY CUSTODY WAS AWARDED AND MORE THAN TWO YEARS AFTER THE FILING OF THE ORIGINAL COMPLAINT.
 {¶ 10} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR, AND MATERIALLY PREJUDICED APPELLANT WHEN IT RENDERED A FINAL DISPOSITIONAL ORDER AS TO THE CUSTODY OF THE PARTIES' MINOR CHILD AFTER THE EXPIRATION OF THE STATUTORY TWO YEAR SUNSET DATE IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS."
 {¶ 11} This appeal is expedited and is being considered pursuant to App. R. 11.2(D).
 I, II {¶ 12} Because mother's assignments of error require similar analysis, we shall address said assignments of error together. In her first assignment of error, mother maintains the trial court's September 8, 2005 Judgment Entry was void ab initio as the trial court had no jurisdiction to entertain father's motion for legal custody. In her second assignment of error, mother submits the trial court erred in rendering a final dispositional order as to the custody of Anthony, Jr. after the expiration of the two year statutory sunset date.
 {¶ 13} Both mother and father agree the Ohio Supreme Court's holding in In Re: Young Children (1996), 76 Ohio St.3d 632, is dispositive of this case. In Young, the Ohio Surpeme Court held the "passing of the statutory time period (`sunset date') pursuant to R.C. 2151.353 (F) does not divest juvenile courts of jurisdiction to enter dispositional orders." Id at syllabus. The Court explained:
 {¶ 14} "This holding allows the juvenile court to assess each situation on its merits and does not mandate the return of children to a situation from which they originally needed protection solely because the agency charged with their care missed a filing deadline. Thus, we hold that when the sunset date has passed without a filing pursuant to R.C. 2151.415 and the problems that led to the original grant of temporary custody have not been resolved or sufficiently mitigated, courts have the discretion to make a dispositional order in the best interests of the child. Where the original problems have been resolved or sufficiently mitigated, courts may not make further dispositional orders based on the original complaint." Id. at 638.
 {¶ 15} Mother submits she sufficiently mitigated the problems which originally led to the grant of temporary custody. Father counters mother's mental health problems, which caused the original order of temporary custody, remain unresolved; therefore the trial court maintained jurisdiction to enter dispositional orders in the matter. The trial court agreed with father's position. Upon review of the entire record in this matter, we, likewise, agree, and find the trial court retained jurisdiction to enter dispositional orders as there was sufficient evidence in the record to establish mother did not substantially mitigate the problems which caused the initial order of temporary custody.
 {¶ 16} The record reveals mother suffers from bipolar disorder, paranoia, and sexual ideations. Mother has undergone psychological evaluations and is under the care of a physician. Although she has been prescribed a number of prescriptions for her mental health issues, mother does not regularly comply with the taking of those medications. When mother fails to take her medication, she becomes combative and physically violent. Mother works out of her home as a phone sex operator. Not only did the evidence reveal Anthony, Jr. would be present during telephone conversations, but also there was a chance the child would be exposed to sexually oriented material on mother's computer. Also indicative of mother's mental health is her returning the child to father with a bag of clothes which were soiled with feces. When father opened the bag, mother simply laughed. According to father and father's fiancé, mother did not regularly exercise her visitation rights.
 {¶ 17} We find there was sufficient evidence from which the trial court could conclude mother did not sufficiently mitigate the problems which led to the original grant of temporary custody; therefore, the trial court was not divested of jurisdiction to enter dispositional orders.
 {¶ 18} Mother's first and second assignments of error are overruled.
 {¶ 19} The judgment of the Muskingum County Court of Common Pleas, Juvenile Division, is affirmed.
Hoffman, J. Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas, Juvenile Division is affirmed. Costs assessed to appellant/mother.